GRACE LYNCH, ADMINISTRATRIX OF THE ESTATE OF JAMES F. LYNCH, DECEASED, PLAINTIFF-RESPOND-ENT, v. UNITED FRUIT COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Argued January 16, 1950—Decided February 14, 1950.

*Mr. Gerald F. O'Mara* argued the cause for the appellant (*Messrs. O'Mara, Conway & Schumann*, attorneys).

*Mr. Nathan Baker* argued the cause for the respondent.

The opinion of the court was delivered by

OLIPHANT, J.   This action was instituted under the New York Wrongful Death Act, New York Decedent's Estate Law, section 130.

Plaintiff's decedent, an employee of the Bethlehem Steel Company, was killed as a result of a fall through a hatch opening while working on the steamship "Ben F. Dixon" as the vessel was at a North River, New York City pier.   The work in which he was engaged was being performed by the Bethlehem Steel Company, pursuant to a contract entered into between that Company and the War Shipping Administration acting on behalf of the United States, which owned, operated, managed and controlled the vessel.

This defendant was the ship's husband or the general agent of the United States, acting through the War Shipping Administration, for the management and conduct of the

shoreside business of the vessel, pursuant to the terms of a "General Agency Service Agreement" entered into between them.

In the trial court, a rule to show cause issued why the complaint should not be dismissed and judgment entered on the pleadings. The rule was made absolute, the complaint dismissed and final judgment entered in favor of the defendant. From that action plaintiff appealed to the Superior Court, Appellate Division, which reversed the judgment below. On the petition of the defendant we granted certification. 3 *N. J.* 374.

The cause of action pleaded charges negligence generally against the defendant, its agents, servants and employees and the master, officer and crew of the vessel, but there is no specific act of negligence charged against an agent, servant or employee of the defendant. The complaint charges acts of negligence which could only be attributable to the ship's master, officer or crew or to those who had possession and control *pro hac vice* of that part of the ship undergoing repairs, and the generally pleaded acts of negligence of defendant's agents are predicated on possession and control not given under the "General Agency Agreement."

Under these circumstances the determination of this cause is controlled by the decision of the United States Supreme Court in *Caldarola v. Eckert,* 332 *U. S.* 155, 67 *S. Ct.* 1569, 91 *L. Ed.* 1968 (1947). See *Cosmopolitan Shipping Co. v. McAllister,* 337 *U. S.* 783, 69 *S. Ct.* 1317, 93 *L. Ed.* —— (1949); *Fink v. Shepard Steamship Co.,* 337 *U. S.* 810, 69 *S. Ct.* 1330, 93 *L. Ed.* —— (1949). In the *Caldarola case* it was held a stevedore injured while working aboard a vessel owned by the United States and operated under a "General Agency Agreement," identical with the one here involved, was precluded *as a matter of law* from holding the general agent liable for his injuries.

The rationale of that opinion is that the language of the agency contract is the conclusive criterion for establishing possession and control in the agent, and since the agent was not, *as a matter of law,* or fact, in possession and control, as

is here alleged in the complaint, it is not liable. It was in that case held that the contract could not be read to find the agents to be owners *pro hac vice* in possession and control of the vessel.

Previous to the institution of this suit the same plaintiff had commenced an action for damages resulting from her husband's death by filing a libel in admiralty and complaint in the United States District Court for the southern district of New York, naming the United States and the War Shipping Administration as defendants. The United States answered and impleaded the Bethlehem Steel Company. The libel was dismissed before the trial of the instant issue. The complaint in that suit was identical, with one exception, to the one filed in this cause. Both asserted the accident was caused solely by the defective, unsafe and unseaworthy condition of the vessel. The exception was that here negligence is charged generally against the agents, servants and employees of the defendant in addition to the master, officer and crew of the vessel. This, plaintiff contends, distinguishes it from and takes it out of the category of the *Caldarola case,* citing *Weade v. Dichman, et al.,* 337 *U. S.* 801, 69 *S. Ct.* 1326, 93 *L. Ed.* ⸺ (1949), but in that case there were specifications of negligence on the part of the defendant itself, the hiring of an incompetent crew member and the failure to protect the vessel's passengers from the personal misconduct of its employees, while here, as has been pointed out, such specifications are lacking. The case does not therefore support plaintiff's contention.

The judgment of the Appellate Division is reversed and judgment entered in favor of the defendant. *Rule* 1:4–9(b).

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.